IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge John L. Kane

Civil Action No.   **07-cv-1344-JLK**

**MICHAEL M. DE ANGELI, and**
**MICHAEL M. DE ANGELI, P.C.**

        Plaintiff,

v.

**DENNIS J. JOHNSON,**
**DENNIS E.J. JOHNSON, LLC, a Colorado Limited Liability Company,**
**ALPHA/OMEGA ENVIRONMENTAL, INC., a Colorado Corporation, and**
**AQUA-ION SYSTEMS, INC., a Colorado Corporation,**

        Defendants.

---

**ORDER**

---

Kane, J.

This matter is before the court on Plaintiffs' Motion for Entry of Default and Default Judgment (doc. #3), filed August 1, 2007.   The motion is GRANTED in part, as to the corporate defendants only. The clerk shall enter default against the corporate defendants, and judgment shall enter in favor of the plaintiffs and against defendants Dennis E.J. Johnson, LLC, Alpha/Omega Environmental, Inc., and Aqua-Ion Systems, Inc., in the amount of $85,000.00. Individual defendant Dennis J. Johnson's Motion for Extension of Time to Answer (doc. #4), is GRANTED. Mr. Johnson has 30 days from today's date to answer or otherwise respond to the complaint. The request for extension of time can apply only to the individual defendant as corporations may appear only through counsel. As stated in *Rowland v. California Men's Colony*, 506 U.S. 194, 201-202 (1993):

> It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel. *Osborn v. President of Bank of United States*, 9 Wheat. 738, 829, 6 L.Ed. 204 (1824); *see Turner v. American Bar Assn.*, 407 F.Supp. 451, 476 (N.D. Tex. 1975) (citing the "long line of cases" from 1824 to the present holding that a corporation may only be represented by licensed counsel), *aff'd sub nom. Pilla v. American Bar Assn.*, 542 F.2d 56 (8th Cir. 1976). As the courts have recognized, the rationale for that rule applies equally to all artificial entities. Thus, save in a few aberrant cases, [footnote omitted], the lower courts have uniformly held that §28 U.S.C. 1654, providing that "parties may plead and conduct their own cases personally or by counsel," does not allow corporations, partnerships, or associations to appear in federal court otherwise than through a licensed attorney. *See, e.g., Eagle Associates v. Bank of Montreal*, 926 F.2d 1305 (2d Cir. 1991) (partnership); *Taylor v. Knapp*, 871 F.2d 803, 806 (9th Cir.) (nonprofit corporation formed by prison inmates), *cert. denied*, 493 U.S. 868, 110 S.Ct. 192, 107 L.Ed.2d 146 (1989); *Jones v. Niagara Frontier Transportation Authority*, 722 F.2d 20, 22 (2d Cir. 1983) (corporation); *Richdel, Inc. v. Sunspool Corp.*, 699 F.2d 1366 (Fed. Cir. 1983)(per curiam) (corporation); *Southwest Express Co. v. ICC*, 670 F.2d 53, 55 (5th Cir. 1982) (per curiam) (corporation); *In re Victor Publishers, Inc.*, 545 F.2d 285, 286 (1st Cir. 1976) (per curiam) (corporation); *Strong Delivery Ministry Assn. v. Board of Appeals of Cook County*, 543 F.2d 32, 34 (7th Cir. 1976) (per curiam) (corporation); *United States v. 9.19 Acres of Land*, 416 F.2d 1244, 1245 (6th Cir. 1969) (per curiam) (corporation); *Simbraw, Inc. v. United States*, 367 F.2d 373, 374 (CA3 1966) (per curiam) (corporation).

Dated this 6th day of August, 2007.

                                                  BY THE COURT:

                                                  *S/**John L. Kane***
                                                  Senior Judge, United States District Court